GARRISON, Judge.
Roger Clay, Valeen Clay and Mable Hinton were charged by bill of information with theft of property valued in excess of $500.00 in violation of LSA-R.S. 14:67.[1] All three defendants were found guilty as charged. Roger Clay, the only defendant for whom this appeal is taken, was adjudged to be a multiple offender and was sentenced to three years and four months at hard labor. He now appeals his conviction and sentence and the denial of his motion for new trial.
On December 11, 1982, at approximately 9:30 a.m., Mable Hinton and Valeen Clay, employees of Church’s Fried Chicken on Louisiana Avenue, notified the police of an alleged armed robbery which had occurred moments before their call. Officer Glenn Foreman of the New Orleans Police Department arrived at the scene, questioned the two alleged victims and radioed a description of the suspect to other police units. Shortly thereafter, a suspect matching the description given by Hinton and Clay was brought to Church’s Fried Chicken for identification. Hinton and Clay positively stated that the man detained by the police was not the perpetrator of this crime.
Approximately six months later, Roger Clay, Valeen’s husband, contacted Tyrone Boler, the area supervisor for Church’s Fried Chicken, and related certain information regarding the robbery of December 11, 1982. Boler claims that the defendant told him that Mable Hinton and Valeen Clay staged the robbery, enlisted Roger Clay’s help in transporting the money from Church’s to the Clay home and divided the money between themselves, paying Roger Clay $50.00 for his services. Roger Clay claims that he spoke with Boler but that *449 their conversation was limited to personal matters.
Boler and James Harper, the area manager for Church’s Fried Chicken, then approached Mable Hinton and questioned her about the robbery. Harper stated that he and Boler told Hinton that they would try not to press charges against her if she cooperated with their investigation. Boler and Harper both testified that Hinton then admitted to them that she and Roger and Valeen Clay had staged the armed robbery and had later divided the money among themselves. Testimony by several witnesses indicated that between $1,100.00 and $1,400.00 were taken from Church’s safe on December 11, 1982. At trial, Hinton denied making any inculpatory statements and she and Valeen and Roger Clay all denied any involvement with this crime. Hinton and Valeen Clay maintained that the money taken from Church’s Fried Chicken on December 11, 1982 was stolen by an armed robber.
A review of the record indicates that there are no errors patent.
The sufficiency of the evidence must also be tested in accordance with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). According to this standard of appellate review, when viewing the facts in the light most favorable to the prosecution, the appellate court must determine whether sufficient evidence was presented so that a rational juror could conclude that the defendant is guilty beyond a reasonable doubt.
In this case, evidence was presented which established that the three original defendants misappropriated approximately $1,100.00 from the Church’s Fried Chicken establishment where Hinton and Valeen Clay were employed. Tyrone Boler and James Harper testified as to oral confessions of this incident made by Mable Hinton and Roger Clay. Although these defendants later recanted these confessions, the evidence presented in this case was sufficient to support the defendant’s theft conviction.
In assignments of error one and two, the defendant contends that the -trial court erred in failing to suppress Mable Hinton’s confession and in admitting the confession into evidence at trial. Specifically, the defendant alleges that Hinton’s confession was inadmissible evidence because it was not made freely and voluntarily.
Consideration of the merits of these assignments is unnecessary because Roger Clay does not have standing to assert the involuntary nature of Mable Hinton’s statements. State v. Burdgess, 434 So.2d 1062 (La. 1983). The Burdgess court alluded to the possibility that limited standing might be granted in this type of situation when gross police misconduct was involved. The instant case clearly does not involve any police misconduct in light of the fact that the confession of Mable Hinton was made to her employer’s area supervisor and area manager. Therefore, this assignment of error is without merit.
In assignment of error three, the defendant contends that the trial court erred in allowing the defendant and his wife to be represented by the same attorney. Defendant’s motion for new trial was based upon this contention. The motion was denied by the trial judge.
In this assignment, the defendant claims that defense counsel was ineffective due to a conflict of interest. According to the defendant, counsel was aware of evidence which would allegedly exonerate the defendant and implicate his wife. However, this evidence presented at the motion for new trial hearing consisted of the testimony of a lawyer and his secretary who stated that the defendant was at their office at the approximate time of the alleged armed robbery. This evidence does not implicate Valeen Clay in any way. Additionally, the value of this testimony in general is questionable in light of the fact that neither witness could pinpoint the exact time of the defendant’s alleged visit to their office. Therefore, the trial judge’s denial of defendant’s motion for new trial appears to have been justified.
*450 Furthermore, in a case such as this where the trial court was not notified prior to trial of a possible conflict of interest, the defendant must prove that an actual conflict of interest adversely affected his lawyer’s performance. State v. Kahey, 436 So.2d 475 (La.1983). According to the Kahey case:
“An actual conflict of interest is established when the defendant proves that his attorney was placed in a situation inherently conducive to divided loyalties.”
This was clearly not the situation in the instant case. Even if the evidence presented at the motion for new trial hearing had been accepted by the trial judge as exonerating the defendant, this would not have had any bearing on the State’s case against Valeen Clay. Therefore, this assignment of error is without merit.
For the reasons stated above, the conviction and sentence of the defendant are affirmed.
AFFIRMED

. LSA-R.S. 14:67 states in part:
Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.